CHARLES J. SCHUCK, Judge.
In August 1934 the claimant, Clarence R. Atkinson, was employed on a road Project in Preston county whereby it was *27 sought to improve a certain road between Terra Alta and Cranesville, and which work, by reason of the stony and rock foundation and formation, necessitated the use of dynamite for blasting purposes. The men employed on the project were paid for their labor by the Federal Government but were under the direction and supervision of foremen or bosses employed and paid by the state road commission. The testimony shows that the handling of the dynamite, which was under the control of one of the said foremen, was carried on in a reckless and negligent manner, was exposed along the roadside in open containers, was handled by different persons, and at times sticks of dynamite were allowed to lie along the roadside previous to being used for blasting purposes. The claimant among other duties was called upon to drill holes in the rock formation in which the sticks of dynamite were afterward inserted and then exploded, in order that the stone or rock could be more easily removed from the bed of the road in question preparatory to preparing said road for the improvement contemplated. It was when drilling one of such holes that an explosion occurred by reason of which the claimant was permanently blinded and sustained other severe injuries from which he still suffers at the present time.
The road operation in question was carried on by drilling the holes, then filling them with the necessary dynamite, to which wires were attached, which wires in turn were attached to a battery and through the manipulation of the battery an electric current was communicated to the dynamite, causing an explosion and shattering the rock for the purposes of removal. The testimony also shows that during this operation, traffic was allowed to go over the road at times under highly dangerous conditions when the dynamite had already been inserted in the holes and just before an intended explosion.
On the day on which the accident happened it had been raining to such an extent as to interfere with the work of the men employed, and during one of the rainfalls in the morning of that day it was concluded by the foreman in charge of the work that the men employed could eat their noonday meal and then *28 return to (heir work after the rain bad coast'd. During this interim it .scorns that the rain had washed sand and dirt into the holt's already partially drilled, filling them to some extent and causing cleaning and further drilling to properly prepare them in order that the dynamite could he inserted and exploded for the purposes intended.
The evidence shows that the foreman on the work, one Matheny, and employed by the state road commission designated a certain hole to be drilled deeper after the rainfall, and ordered the claimant to do the drilling, in the process of which the claimant was injured as herein stated; during the period when the men employed wore resting or eating at or near noon and before the drilling of the hole was resumed, some one had carelessly and negligently inserted the dynamite in the said hole, and without any notice to the claimant at the time he began to drill it deeper, in accordance with the order of the said instructions given him by the said foreman Matheny. Matheny was in full charge of this work, and, consequently, charged with the duty of knowing that the hole in question did not contain any dynamite likely to explode at the time he ordered the claimant to drill the hole deeper.
The state contends that Matheny was a fellow servant or a fellow employee of the claimant and therefore it could not be held responsible' for any injuries caused to claimant, by reason of the negligence and carelessness of the said Matheny in charge of the said project. We cannot agree with this proposition since the claimant was paid wholly by the Federal Government, and not by the state road commission; and since his work seemingly was under the absolute control and supervision of the foreman, Matheny, who stood in a superior position as compared to the claimant and who (Matheny) was paid for his service not by the Federal Government but. by (lie state road commission. The evidence also shows that, the men employed on (he* project and in the same status as (he claimant could he and were ordered from one-part of the project jo another by the said foreman as he would see til to direct; and no doubt a hiilure to’comply with such orders and directions would have mean! dismissal horn work.
*29 The hole in. question was drilled under the supervision of the foreman, Matheny, and then was marked by him for further drilling, and under his specific instructions, claimant proceeded to drill said hole deeper. The evidence shows that this particular work had theretofore been carried out by one Sines, but that he was not working on the project on the day in question, and the only inference that can be drawn from the testimony is that the foreman himself inserted the dynamite in the said hole and for the time being forgot about such action when he ordered it to be drilled deeper by the claimant. In any event, in view of the fact that this part of the work was carried on under the personal supervision of the foreman, whether he actually inserted the dynamite or not, he would be responsible for the condition presented at the time he ordered the claimant to do that particular kind of work. To give this order without the proper inspection to ascertain whether the hole in question could be drilled deeper without any harm or injury to the claimant was negligence; and as herein indicated, since the said foreman was not in any sense a fellow servant of the claimant, the latter would not be bound by the rules sought to be invoked as a defense by the state.
A careful reading of the act creating this court, as manifested by the Legislature, undoubtedly shows that the intent of the Legislature was that the narrow interpretation as formerly used in connection with the employment of fellow servants was not to control or govern, and that in considering a claim for an award this rule, as formerly invoked, was not to be carried into effect. Rather, it would seem, a more liberal construction was to be given where fellow servants were involved, consistent, however, with the moral rights of all parties, including the state or any of its agencies.
Realizing the fact that in many instances innocent servants were injured by reason of the carelessness and negligence of a fellow servant with whom they were obliged to work and labor, and over whom they had no control, the Legislature in its wisdom passed the workmen’s compensation act by virtue of which a fund is now provided for the relief and assistance of *30 injured employees; and providing that the individual employer must make certain payments into a fund to take care of such cases and providing further that if the employer does not take advantage of the privileges thus afforded by the provisions of the act, he is barred from interposing as a defense to any action for injuries the so-called common law defense, including the fellow-servant defense. Should the state compel an individual employer to take these steps to protect himself and eseane its own responsibility when injuries come to its own employees through the carelessness and negligence of another employee? It seems to us that unless the state specifically exempted itself or its various agencies by the provisions of the act creating this court, it should and must, in equity and good conscience be obliged to reasonably compensate an innocent or guiltless claimant for the negligence and carelessness of one who might be commonly termed a fellow employee of the injured claimant.
As indicated herein, however, we do not feel that the relation of fellow servant, as understood by the courts when laying down the rule heretofore governing, existed in the instant case.
We also fail to find anywhere in the record that the claimant was guilty of any negligence that contributed to his accident. Under the circumstances he had the right to assume, when ordered to drill the said hole deeper, that the foreman or supervisor on the work had taken all necessary and reasonable precautions to avoid an accident, and that he would not be ordered to work in a highly dangerous place without the proper steps being taken to protect him in such work. The claimant simply followed as a workman the directions of his superior, and by reason of such act was injured, as alleged in his petition asking for an award.
The claimant has heretofore been paid the sum of $3500.00 by the Federal Government, five hundred of which sum was used in the payment of' his hospital, physicians’ and' doctors’ bills-, and other expenses incidental to his injuries, but has received no payment whatever from the state. It is true that he is a world war veteran, at present about forty-nine or fifty years *31 of age, and that he is receiving a pension of $30.00 per month for his support and maintenance. He has a wife and family of five children, the youngest of whom is eleven years of age at the present time. Owing to the condition brought on by his blindness, he has not been able to work since the accident. An effort has been heretofore made on several occasions to have the Legislature recognize the justness of his claim, and on several occasions, bills were introduced seeking to pay out of the state treasury to the claimant the sum of $3,000.00. These bills, however, for some reason never made much progress in the Legislature, and were never passed for payment by that body, and no appropriation made. No doubt the claim was not as fully developed as when presented before this court, and in view of the fact that a year has elapsed since the bill was introduced and that the complainant must wait until the next session of the Legislature before any award can be paid, we feel that our conclusion with reference to the amount is just and equitable.
Considering all of the circumstances and the fact that there is in work of this kind and character a certain amount of risk on the part of the employee, we feel that an award of four thousand dollars ($4,000.00) is proper, and we recommend to the Legislature that an appropriation be made accordingly for the benefit of the claimant, and that he be paid the said amount upon the execution of a full and complete release to the state road commission for any further claims or demands agains'' the state or state road commission by reason of the injuries complained of and suffered by the claimant through the accident.